UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

NIKI DAVIS,

    Plaintiff,

Vs.

ORLANDO HEALTH, INC.,
a Florida corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NIKI DAVIS, by and through her undersigned counsel, hereby sues Defendant, ORLANDO HEALTH, INC., (hereinafter "ORLANDO HEALTH"), and alleges as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This action is instituted pursuant to the Family and Medical Leave Act 29 U.S.C. § 2601 et seq. (the "FMLA"), as amended.

2. Jurisdiction in the United State District Court, Orlando Division, is proper pursuant to 29 U.S.C. § 2617.

3. Plaintiff is a citizen of the State of Florida and resides in Orange County, Florida, located in the Middle District of Florida. At all relevant times to this Complaint, she was employed by ORLANDO HEALTH.

1

4. Defendant is a Florida corporation which is authorized and qualified to do business throughout the State of Florida, including at its business location in Orlando, Florida, within the Middle District of Florida.

5. At all times material to this Complaint, Defendant qualified as an employee as defined pursuant to 29 U.S.C. § 2611(4).

6. Venue is proper in this Court, because all or substantial part of the events giving rise to Plaintiff's claims herein occurred in the Middle District of Florida, 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

7. Defendant is a private network of community and specialty hospitals based in Orlando, Florida.

8. At all times material hereto, ORLANDO HEALTH was an employer pursuant to 29 U.S.C. § 2611(4), as it engaged in commerce or in an industry or activity affecting commerce, and who employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or proceeding calendar year.

9. Specifically, ORLANDO HEALTH conducts business, accepts and processes payments by patients and insurance carriers, purchases medical supplies, and supports medical research and treatment developed among and across several states.

10. As such, ORLANDO HEALTH was prohibited from discharging or in any other manner discriminating against any employee who has used FMLA leave, 29 U.S.C. § 2615(a); 29 C.F.R. § 825.220(c).

11. Ms. Davis began working for ORLANDO HEALTH in Orlando, Orange County, Florida in September, 2009.

12. Ms. Davis worked in various positions and with numerous co-workers and under the direction of several supervisors until she was transferred to the APH/WPH Audiology Department on or about October 23, 2016.

13. From June 4, 2019 through June 24, 2019 Ms. Davis requested leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., due to serious medical conditions relating to her left knee.

14. Ms. Davis had her next medical appointment relating to her ongoing knee injury on July 29th, 2019.

15. Ms. Davis suffered from a serious medical condition as she had a knee injury that required continuing treatment by a health care provider.

16. Ms. David was qualified for her position in the APH/WPH Audiology Department with Defendant and was an eligible employee as defined pursuant to 29 U.S.C. § 2611(2).

17. Ms. Davis' job performance was satisfactory.

18. Ms. Davis was eligible for FMLA leave as she had been employed with ORLANDO HEALTH for more than 12 months and had worked more than 1250 hours in the previous 12 calendar months.

19. Nonetheless, within approximately two (2) months after her return from leave and last medical appointments from FMLA leave, she was terminated on September 6, 2019.

20. Ms. Davis has retained the services of NeJame Law, P.A. to pursue her rights against ORLANDO HEALTH and has incurred legal fees and costs in doing so.

## VIOLATION OF THE FMLA

21. Plaintiff realleges and adopts, as if set forth fully herein, the allegations of paragraphs 1 through 20 of this Complaint.

22. Plaintiff availed herself of a protected right under the FMLA by applying for and taking FMLA leave.

23. Pursuant to 29 U.S.C. § 2615(a), the FMLA provides it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA, or to discharge or in any other manner discriminate against any individual for applying as practice made unlawful by its FMLA.

24. Plaintiff was terminated from her employment with Defendant and, thus, suffered an adverse employment action because she exercised her rights under the FMLA.

25. Defendant interfered with, restrained, and denied Plaintiff's exercise of her rights under the FMLA by discharging for taking FMLA leave.

4

26. As a direct and proximate result of Defendant's termination of Ms. Davis in violation of the FMLA, and as a direct result of and in retaliation for her taking FMLA leave, Plaintiff lost wages and employment benefits and the interest thereon.

27. In terminating Ms. Davis in retaliation for her taking qualified FMLA leave, Defendant acted intentionally, maliciously, willfully, wantonly, and with reckless disregard for Plaintiff's rights.

28. The reason articulated by Defendant was pretextual. Specifically, Defendant terminated Plaintiff or for an unexcused tardy. However, Defendant was aware that it was not in violation as it had knowledge that Plaintiff was at a work related meeting.

29. Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii).

WHEREFORE, Plaintiff requests a trial by jury on all issues so triable and respectfully requests the following relief against Defendant:

(i) Economic damages, including but not limited to lost wages and lost benefits;

(ii) Front Pay;

(iii) Out-of-pocket medical expenses that would have been paid by Defendant's group health insurance plan had Plaintiff's employment not been terminated inappropriately;

(iv) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

(v)     Reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3); and

(vi)    Such other relief this Court deems proper and necessary.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this action so triable.

Respectfully submitted this 8th day of June, 2021.

           /s/ *Richard W. Smith*
Richard W. Smith, Esquire
Fla. Bar No.: 0013943
NeJame Law, P.A.
189 S. Orange Ave., Suite 1800
Orlando, Florida 32801
Tel.: (407) 500-0000
Fax: (407) 802-1641
richard@nejamelaw.com
laurie@nejamelaw.com
civilservice@nejamelaw.com
*Counsel for Plaintiff*